OPINION OF THE COURT
Ann E. O’Shea, J.
Administration for Children’s Services (ACS) brings this order to show cause asking the court to issue a warrant for either the arrest of the subject child Jennifer R., who will turn 17 years of age in less than two weeks, or the arrest of the respondent mother, Tanya M. (mother), with a direction that she produce Jennifer in court.
On March 8, 2013, Jennifer was removed from the mother’s custody and remanded to the custody of the Commissioner of ACS and Graham Windham Services for Family and Children, an authorized foster care agency. She was placed in a nonkinship foster home. On September 27, 2013, Jennifer left the foster home and did not return. On October 8, 2013, following a hearing on inquest, this court issued an order finding that the mother neglected Jennifer as a result of her repeated misuse of marijuana, cocaine and alcohol and her involving Jennifer in the purchase of illicit substances. The agency caseworker has had phone conversations or text message exchanges with the child since she left the foster home. Her last communication with Jennifer was on October 23, 2013. During one of the exchanges, Jennifer told the caseworker that she had gone to live with her mother, but would not give the mother’s new address. The agency filed a missing person report and the police are looking for Jennifer.
ACS asks the court to issue a warrant for Jennifer’s arrest. ACS relies on Family Court Act §§ 153 and 1037 as the basis of the court’s authority to issue a warrant for a child.
Family Court Act § 153 provides, in pertinent part, as follows:
“The family court may issue a subpoena or in a proper case a warrant or other process to secure or compel the attendance of an adult respondent or *510 child or any other person whose testimony or presence at a hearing or proceeding is deemed by the court to be necessary.”
Section 153 provides a mechanism for a court to compel an adult or a child “at a hearing or proceeding” (emphasis added). There is no “hearing” or “proceeding” currently scheduled which requires Jennifer’s presence or testimony in court.
ACS refers the court to section 205.80 of the Uniform Rules for Family Court (22 NYCRR), which provides, in pertinent part, as follows:
“(a) When a child absconds from a shelter or holding facility to which the child was remanded . . . written notice of that fact, signed by an authorized representative of the facility, shall be sent within 48 hours to the clerk of the court from which the remand was made. . . .
“(b) Upon receipt of a written notice of absconding, the clerk of the court shall cause the proceeding to be placed on the calendar for the next court day for such action as the court shall deem appropriate, and shall give notice of such court date to the petitioner and . . . counsel for the child.”
Section 205.80 specifically applies only when a child absconds “from a shelter or holding facility.” Jennifer did not leave a shelter or a holding facility; she left her foster home.
Moreover, even if section 205.80 could be stretched to apply when a child leaves her foster home, which, in this court’s opinion, it cannot, ACS’s argument that a “proceeding” placed on the calendar in response to a notice that a child has absconded provides a vehicle for issuance of a warrant under Family Court Act § 153 is rejected. The argument is disingenuous at best and reduces down the ACS’s attempt to manufacture a “proceeding” to justify issuance of a warrant when one is otherwise not authorized or justified. ACS’s stated reason for wanting the court to issue a warrant for the child’s arrest is to make sure she is “safe,” not for purposes of securing her testimony at a hearing or because her presence in court is “necessary.”
ACS initially also sought a warrant for Jennifer’s arrest under Family Court Act § 1037 (a) and (b), and now relies on those provisions for a warrant for the arrest of the mother with a direction that she produce Jennifer in court.
Family Court Act § 1037 (a) authorizes the issuance of a warrant for the appearance of a parent or other person legally *511 responsible for the child’s care. It does not provide any authority for issuance of a warrant for the arrest of a child.
And Family Court Act § 1037 (a) permits a court to issue a warrant for a parent or other person legally responsible for the child only in specific circumstances: when a summons cannot be served; the summoned person refused to obey the summons; the parent is likely to leave the jurisdiction; a summons would be ineffectual; the safety of the child is endangered; or the safety of the parent or other person responsible for the child’s care is in danger. None of those circumstances apply, and it is not the mother that ACS wants in court.
Section 1037 (b) provides that “[w]hen issuing a warrant under this section, the court may also direct that the child be brought before the court” (emphasis added). Section 1037 (b) does not provide an independent basis for issuance of a warrant for a parent. Rather, it provides that the court can, in conjunction with the issuance of a warrant under Family Court Act § 1037 (a), direct the parent or person legally responsible for the child to produce the child in court.
Moreover, section 1037 (b) presupposes that the child is in the custody and control of the warranted person. Jennifer is not in the mother’s custody; the agency is vested with her custody. Nor can it reasonably be said that the mother has control over her about-to-turn-17-year-old daughter as would make it possible for her to drag Jennifer involuntarily to court.
Even if a warrant was issued for Jennifer or for her mother and somehow that brought Jennifer to court so that the caseworker, the judge, and all the attorneys could look her over and see if she is ok (which is ACS’s stated reason for requesting the warrant), once everyone has agreed that she looks ok, there is no way, short of locking her up, that anyone can prevent Jennifer from going AWOL from her foster home again, thus starting the process of warrants, arrests and proceedings all over again. Were a parent to come to court asking for a warrant for the arrest of his or her child because the child ran away from home, ACS might have a colorable claim that the parent was failing to provide the child with adequate supervision and guardianship. Finally, a warrant of arrest is inherently coercive and, by its nature, deprives the individual of his or her liberty. For this reason alone, a warrant to appear in court should not issue unless the individual has previously refused to respond to a properly served summons, subpoena or other order requiring his or her presence — or if other circumstances, such as those *512 specified in Family Court Act § 1037 (a), exist. It should not be used so that a caseworker, various and sundry lawyers, and the judge can have a “look-see” at the child. The police are already searching for Jennifer by virtue of the missing person report. There is no reason to authorize her arrest. There is no legal authority for the issuance of a warrant for her arrest and this court declines to exercise in parens patriae authority to issue such a warrant (cf. Matter of J.G., 166 Mis. 2d 840, 841 [Fam Ct, Westchester County 1995]).
For all the foregoing reasons, ACS’s motion for a warrant for the arrest of Jennifer or her mother or an order that the mother produce Jennifer in court is denied.